AO 91 (REV. 12/85)

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

USA

vs.

(1) MARIO VELASCO-TOLENTINO

CRIMINAL COMPLAINT
CASE NUMBER: EP:25-M -02411(1) - LE

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **May 13, 2025** in **El Paso** County, in the **WESTERN DISTRICT OF TEXAS** DEFENDANT did, Count I: 50 USC 797 Prohibits the Willful Violation of any Defense Property Security Regulation,

Count II: 18 USC 1382 Entry of Military Property for Any Purpose Prohibited by Law,

Count III: 8 USC 1325a1 Improper Entry by Alien.

in violation of Title **50** United States Code, Section(s) **797; 18:1382; 8:1325**.

I further state that I am a(n) **Border Patrol Agent** and that this complaint is based on the following facts: *"In violation of Title 50, USC 797(1) and (2)(A): willfully violate a defense property security regulation, that is a property security regulation which, pursuant to lawful authority was promulgated or approved by the Secretary of Defense, or by a military commander designated by the Secretary of Defense.*

*On May 13, 2025, DEFENDANT, an alien to the United States, entered on property of the United States Army specifically, the Texas "*

Continued on the attached sheet and made a part hereof:   X Yes   ☐ No
Sworn to before me,

/S/ BENITEZ-MEDINA, JOSE
Signature of Complainant
Border Patrol Agent

May 14, 2025
Date

LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE

at   EL PASO, Texas
City and State

Signature of Judge
**OATH TELEPHONICALLY SWORN AT 01:01 P.M.
FED.R.CRIM.P. 4.1(b)(2)(A)**

CONTINUATION OF CRIMINAL COMPLAINT

WESTERN DISTRICT OF TEXAS

(1) MARIO VELASCO-TOLENTINO

FACTS   (CONTINUED)

National Defense Area (Tx-NDA), without having received authorization from the U.S. ARMY or any other appropriate United States official, to be in, enter upon or access said area.

The Tx-NDA is a portion of land within the Western District of Texas that was temporarily transferred by the US International Boundary and Water Commission (USIBWC) to the U.S. Army after it was deemed necessary to establish a Tx-NDA along the U.S./Mexico border. The property transferred consists of multiple parcels of fee land located along the southern border of the United States, extending east from the American Dam at El Paso, Texas, for approximately 63 miles to Fort Hancock, Texas, and those fee parcels extending from the International Boundary line located at the centerline of the Rio Grande River to the dry side toe of the U.S. IBWC flood control levee, comprising approximately 2,000 acres.
In violation of Title 18, USC 1382: within the jurisdiction of the United States, entered a military post, fort, or yard, that is, upon a TEXAS National Defense Area, for a purpose prohibited by law or lawful regulation, that is illegal entry into the United States,

Specific notice forbidding such access to the Tx-NDA was present and provided for by conspicuous twelve inch by eighteen-inch red and white colored signs placed at least every one hundred feet apart along the southern edge of the Tx-NDA stating, in both English and Spanish, that the area is a restricted area, and that unauthorized entry is prohibited by authority of the commander in accordance with the Secretary of Defense. The signs are strategically positioned to ensure they are clearly visible from the riverbank and can be seen well in advance before approaching the border fence structure. Additionally, electrical lighting is used during nighttime hours in large portions of the area from the western most portion of the Tx-NDA down river up to a mile east of the Ysleta Port of Entry. In the remaining portion of the Tx-NDA there are additional areas with lighting supplied during hours of darkness by power plant generators and other structures.

Based on the location of DEFENDANT's apprehension by U.S. Border Patrol, the DEFENDANT illegally crossed the international border from Mexico at a place not designated by immigration officers and entered the United States through the Tx-NDA.
In violation of Title 8, USC 1325(a)(1), being an alien to the United States, knowingly enter and attempt to enter the United States at a time and place other than as designated by immigration officers.

The DEFENDANT, an alien to the United States and a citizen of Mexico, entered the United States from the Republic of Mexico by crossing the Rio Grande River on May 13, 2025 at approximately 2.1 miles west of the Ysleta Port of Entry, near El Paso, Texas, Texas, in the Western District of Texas. The place where the DEFENDANT entered is not designated as a Port of Entry by immigration officers.

Because this Affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.


IMMIGRATION HISTORY:
NONE

CRIMINAL HISTORY:
NONE